1    UNITED STATES DISTRICT COURT
2    DISTRICT OF PUERTO RICO

3    JULIA MERCADO ECHEVARRIA,
4    et al.,
5
6         Plaintiffs,                      Civil No. 07-2134 (JAF)

7         v.

8    PUERTO RICO DEPARTMENT OF
9    CORRECTIONS, et al.,
10
11        Defendants.

12                        **O R D E R**

13        Plaintiffs, Julia Mercado Echevarría ("Mercado") and her minor

14   child Linnette Oramas Mercado, bring this pro-se action under the

15   Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2 (2006),

16   29 L.P.R.A. § 155h (2001), 31 L.P.R.A. § 5141-42 (1990), and Puerto

17   Rico contract law, against Defendants, the Puerto Rico Department of

18   Corrections ("DOC"); DOC employees Miguel A. Pereira Castillo,

19   Fernando Fernández Correa ("Fernández"), Annie González, Hilda

20   Santos, Ivette Bodón González ("Bodón"), and Rafael Santiago; and the

21   Unión General de Trabajadores ("UGT"). Docket Document No. 1.

22   Mercado, a DOC employee, alleges that she suffered sexual harassment,

23   sex or gender discrimination, and retaliation. Id. She further

24   alleges that Defendant UGT failed to represent her pursuant to a

25   collective bargaining agreement ("CBA"). Id. UGT moves to dismiss

26   the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)

Civil No. 07-2134                                                          -2-

1    or, alternatively, for a more definite statement pursuant to Federal

2    Rule of Civil Procedure 12(e).   Docket Document No. 3.   Because we

3    grant UGT's motion for a more definite statement, we will not dismiss

4    the complaint at this time.

5        A defendant may move for a more definite statement when a

6    complaint "is so vague or ambiguous that a party cannot reasonably be

7    required to frame a responsive pleading."   Fed. R. Civ. P. 12(e).

8    Generally, Rule 12(e) motions are "disfavored in light of the liberal

9    pleading requirements under the Federal Rules."   Hilchey v. City of

10   Haverhill, 233 F.R.D. 67, 69 (D. Mass. 2005) (citing Conley v.

11   Gibson, 355 U.S. 41, 47-48 (1957)); see also Swierkiewicz v. Sorema

12   N.A., 534 U.S. 506, 512-15 (2002) (explaining that a plaintiff need

13   only plead sufficient facts to give a defendant fair notice of the

14   nature of the claim and plaintiff's basis for it).   However, Rule

15   12(e) provides an appropriate remedy where, as here, the plaintiff is

16   pro se, Carter v. Newland, 441 F. Supp. 2d 208, 214 (D. Mass. 2006)

17   (citing Hilska v. Jones, 217 F.R.D. 16, 25 (D.D.C. 2003)), and the

18   defendant is "unable to determine the issues he must meet."

19   Haghkerdar v. Husson Coll., 226 F.R.D. 12, 14 (D. Mass. 2005)

20   (quoting Cox v. Me. Mar. Acad., 122 F.R.D. 115, 116 (D. Me. 1988))

21   (internal quotation marks omitted).

22       Plaintiffs' complaint alleges simply that between 2003 and 2007

23   (1) Fernández "sexually harassed [Mercado] on several occasions,"

Civil No. 07-2134                                                    -3-

1    (2) UGT "failed to represent" Mercado under the CBA, (3) other named

2    DOC employees "failed to follow DOC policy" and "committed acts of

3    reprisal," and (4) Bodón filed false complaints, ridiculed Mercado in

4    front of co-workers, and joked about Mercado's complaints.  Docket

5    Document No. 1.  Aside from those relating to Bodón, Plaintiffs

6    allege no facts against which Defendants could defend themselves or

7    form a response.  See Haghkerdar, 226 F.R.D. at 14.  Rather than

8    making conclusory legal statements, Plaintiffs must describe the

9    factual occurrences that gave rise to the alleged sexual harassment,

10   discrimination, retaliation, and breach of contract.  See Educadores

11   Puertorriqueños En Acción v. Hernández, 367 F.3d 61, 68 (1st Cir.

12   2004) ("[I]n a civil rights action . . . the complaint should at

13   least set forth minimal facts as to who did what to whom, when,

14   where, and why . . . .").  Plaintiffs should also provide approximate

15   dates of the alleged acts or omissions and the names of the

16   individuals who committed them.  See id.

17        We, therefore, **GRANT** Defendant UGT's motion for a more definite

18   statement, Docket Document No. 3, and **ORDER** Plaintiffs to file an

19   amended complaint **within thirty (30) days**.  We **DENY** Defendant UGT's

20   motion to dismiss, id.

21        **IT IS SO ORDERED.**

22        San Juan, Puerto Rico, this 7th day of May, 2008.

23                                    s/José Antonio Fusté
24                                    JOSE ANTONIO FUSTE
25                                    Chief U.S. District Judge