|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF PUERTO RICO | |

JULIA MERCADO-ECHEVARRÍA,
et al.,

    Plaintiffs,

    v.

PUERTO RICO DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

Civil No. 07-2134 (JAF)

## **OPINION AND ORDER**

Plaintiffs, Julia Mercado-Echevarría ("Mercado") and her minor child Linnette Oramas-Mercado, bring this action against Defendants, the Puerto Rico Department of Corrections (the "DOC"); DOC Secretary Miguel A. Pereira-Castillo, DOC sub-Secretary Rafael Santiago-Torres, and DOC employees Fernando Fernández-Correa, Ana González, Hilda Santos, and Ivette Bodón-González (collectively the "individual DOC Defendants"); and Unión General de Trabajadores and its president, Juan Eliza (collectively "UGT"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 151-69, and Puerto Rico laws No. 17, of April 22, 1988 ("Law 17"), 29 L.P.R.A. §§ 155-155k (2001 & Supp. 2007), No. 69, of July 6, 1985 ("Law 69"), 29 L.P.R.A. §§ 1321-41 (2001), No. 100, of June 30, 1959

Civil No. 07-2134 (JAF)                                               -2-

("Law 100"), 29 L.P.R.A. §§ 146-51 (2001 & Supp. 2007), and Article 1802, 31 L.P.R.A. § 5141.  Docket Nos. 1, 24.)

UGT moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (Docket No. 31), and Plaintiffs oppose (Docket No. 38). Plaintiffs and UGT have also submitted briefs in compliance with our May 5, 2009, Order (Docket No. 41). (Docket Nos. 42, 59, 65.)[1]

The DOC and the individual DOC Defendants move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Docket No. 53.) Plaintiffs oppose (Docket No. 78); UGT has filed a reply (Docket No. 83).[2] We address each motion in turn.

**I.**

**UGT's Motion to Dismiss**

Plaintiffs seek relief under the NLRA and Puerto Rico law for UGT's alleged breach of the duty of fair representation and breach of the collective bargaining agreement ("CBA"). (Docket Nos. 24, 38.) Defendants argue that we lack subject matter jurisdiction over these claims inasmuch as Law No. 45 of February 25, 1998 ("Law 45"), 3 L.P.R.A. §§ 1451-54a (2006), applies and requires that the claims be submitted to arbitration. (Docket Nos. 31, 42.)

---

[1] UGT styles its brief as a motion for summary judgment. (See Docket No. 42.)

[2] As we grant UGT's motion to dismiss, we do not consider UGT's reply (Docket No. 83). Accordingly, Plaintiffs' associated motions for reconsideration (Docket Nos. 84, 88, 91) are moot.

Civil No. 07-2134 (JAF)                                              -3-

Under Rule 12(b)(1), a defendant may move to dismiss an action against him for lack of federal subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction has the burden of demonstrating its existence. See Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003) (citing Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)).

Rule 12(b)(1) is a "large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction." Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001). A movant may base a challenge to the sufficiency of the plaintiff's assertion of subject matter jurisdiction solely on the pleadings. Id. at 363. In that case, we take the plaintiff's "jurisdictionally-significant facts as true" and "assess whether the plaintiff has propounded an adequate basis for subject-matter jurisdiction." Id. at 363; see Pejepscot Indus. Park, Inc. v. Maine Cent. R.R. Co., 215 F.3d 195, 197 (1st Cir. 2000). Alternatively, when the jurisdictional facts are distinct from the case's merits, a moving party can bring a "factual challenge," in which case the court addresses "the merits of the jurisdictional claim by resolving the factual disputes between the parties." Valentin, 254 F.3d at 362-63. As we noted in our prior Order (Docket No. 41), the NLRA is inapplicable to Plaintiffs' claims because it excludes public employers and employees from its coverage. See 29 U.S.C. § 152(2), (3); Best v. Rome, 858 F. Supp. 271, 275 n.5 (D. Mass. 1994). As Mercado is an employee of the DOC (see Docket

Civil No. 07-2134 (JAF)                                                          -4-

No. 24), Puerto Rico law applies to Plaintiffs' claims relating to the CBA.[3] Law 45 governs labor relations for public employees in Puerto Rico. 3 L.P.R.A § 1451. Law 45 requires CBAs to include procedures for dispute resolution, including arbitration, and states that where a controversy arises from a CBA, "[t]he parties shall have the obligation to" engage in arbitration before the Public Sector Labor Relations Commission ("PSLRC"). 3 L.P.R.A § 1452(b), (c). The CBA presently at issue provides a grievance procedure, which requires a complainant to first submit complaints internally, and then to arbitration before the PSLRC. (Docket No. 42-4.) The CBA specifies that "[a]ll grievances shall be resolved using the procedure established" therein. (Id.) Similarly, Law 45 requires that controversies arising from a CBA "shall be settled through the mechanism established in the [CBA]." 3 L.P.R.A. § 1452(a). Plaintiffs have not pointed to, nor have we found, any exception to these requirements. Plaintiffs' claims against UGT arise from its alleged failure to represent her pursuant to the CBA and breach of the same (see Docket No. 24); we lack jurisdiction over these claims because both Law 45 and the CBA require that they be submitted to arbitration before the PSLRC. See 3 L.P.R.A § 1452; (Docket No. 42-4).

---

[3]Plaintiffs argue once again in their brief that the NLRA should not preempt Puerto Rico law in this case and, thus, that Puerto Rico law applies to their claims. (Docket No. 59.) We agree.

UGT further argues that we should dismiss Plaintiffs' Title VII claims against it. (Docket No. 31.) Plaintiffs clarify in their opposition that they did not intend to bring claims against UGT under Title VII. (See Docket No. 38.) We, therefore, dismiss these claims.

Finally, we ordered Plaintiffs to address whether we should also dismiss any related labor claims arising under the CBA against the DOC defendants. (Docket No. 41.) Plaintiffs' brief clarifies that they did not intend to bring claims under the CBA against the DOC defendants. (See Docket No. 59; see also Docket No. 24.) We, therefore, dismiss those claims.

## II.

### Motion for Judgment on the Pleadings

The DOC and the individual DOC Defendants move for judgment on the pleadings pursuant to Rule 12(c). (Docket No. 53.) Because the DOC Defendants filed the motion before filing their answer to the amended complaint (Docket No. 97), we treat it as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). Compare Fed. R. Civ. P. 12(c) with Fed R. Civ. P. 12(b)(6). The distinction, however, is largely academic, as the same standard applies under either rule. See, e.g., Pérez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008).

A defendant may move to dismiss an action against him, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Civil No. 07-2134 (JAF)                                                    -6-

In assessing this motion, we "accept[] all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [plaintiff]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993). Mere legal conclusions, however, "are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. __, 129 S. Ct. 1937, 1950 (2009).

The DOC first argues that Plaintiffs' Title VII claim against it must be dismissed because it is entitled to sovereign immunity from suit pursuant to the Eleventh Amendment to the U.S. Constitution. (Docket No. 53.) Under the Eleventh Amendment, "an unconsenting State is immune from federal-court suits brought by its own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 663 (1974). However, Congress may abrogate the states' sovereign immunity when it "both unequivocally intends to do so and 'acts pursuant to a valid grant of constitutional authority.'" Bd. of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001) (quoting Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 73 (2000)). Courts have consistently held that Congress has abrogated states' sovereign immunity to claims brought under Title VII. See, e.g., Okruhlik v. Univ. of Ark., 255 F.3d 615, 623-27 (8th Cir. 2001); Varner v. Ill. State Univ., 150 F.3d 706, 718 (7th Cir. 1998), vacated on other grounds by 528 U.S. 1110 (2000); Torres-Santiago v. Alcaraz-Emmanuelli, 553 F. Supp. 2d 75, 82 (D.P.R. 2008); Sánchez Ramos v. P.R. Police Dep't, 392 F. Supp. 2d 167, 178-79 (D.P.R. 2005); see

also Fitzpatrick v. Bitzer, 427 U.S. 445, 451-54 (1976); Espinal-Domínguez v. Puerto Rico, 352 F.3d 490, 494-95 (1st Cir. 2003). The DOC has provided us no reason to depart from the reasoning in these decisions. We find that the DOC is, therefore, not entitled to sovereign immunity from Plaintiffs' Title VII claim.

The DOC also argues that Plaintiffs' Law 100 claims must be dismissed because the statute does not apply to government entities. (Docket No. 53.) Law 100 prohibits employers from taking discriminatory employment action based on sex. 29 L.P.R.A. § 146. Law 100 does not apply to government employers; it protects only employees in the private sector and employees of government entities that operate as private businesses. 29 L.P.R.A. § 151(3); Rodríguez Cruz v. Padilla Ayala, 125 D.P.R. 486, 508 (1990); see also Marín-Piazza v. Aponte-Roque, 873 F.2d 432, 436 (1st Cir. 1989). Because the DOC is a government agency and does not function as a business or private entity, Law 100 does not apply to it. Arce-Rey v. Pereira, Civ. No. 06-1798, 2008 U.S. Dist. LEXIS 11672, at *8-9 (D.P.R. Feb. 15, 2008) (citing 4 L.P.R.A. § 1101 et seq.). Accordingly, we dismiss Plaintiffs' Law 100 claim.

The individual DOC Defendants argue that Plaintiffs' Title VII claims against them must be dismissed because there is no individual liability under the statute. (Docket No. 53.) Plaintiffs agree that this is the case and state that they did not intend to bring Title

Civil No. 07-2134 (JAF)                                                    -8-

VII claims against the individual DOC defendants. (Docket No. 78.) We, therefore, dismiss these claims.

Finally, the individual DOC Defendants argue that we should decline to exercise supplemental jurisdiction over Plaintiffs' claims against them under Puerto Rico law. (Docket No. 53.) However, because a federal claim remains, we retain Plaintiffs' claims under Puerto Rico law. See 28 U.S.C. § 1367(a).

## III.

## Conclusion

For the foregoing reasons, we **GRANT** UGT's motion to dismiss (Docket No. 31) and **DISMISS** all claims against Defendants Juan Eliza and Unión General de Trabajadores. We **DENY** UGT's motion for summary judgment (Docket No. 42) as **MOOT.** We **GRANT** the DOC Defendants' motion to dismiss (Docket No. 53) **IN PART** and **DISMISS** Plaintiffs' Law 100 claims. Remaining are Plaintiffs' Title VII claims against the Department of Corrections and Plaintiffs' Law 17, Law 69, and Article 1802 claims. In addition, we **DENY** Plaintiffs' pending motions for reconsideration (Docket Nos. 84, 88, 91) as **MOOT.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 10th day of August, 2009.

                                        s/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge